IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE BROWN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:15-cv-3970-M-BN |
| | § | |
| TEXAS BOARD OF NURSING, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action as malicious under 28 U.S.C. § 1915(e)(2)(B) and sanction Plaintiffs.

**Background**

This is the fourth civil action in this Court brought by Yvonne Brown and her husband Basil Brown for statutory and constitutional violations arising from a disciplinary hearing and subsequent administrative actions that ultimately resulted in the revocation of Yvonne's nursing license in Texas and the denial of renewal of her Louisiana nursing license. Defendants include two state nursing boards, an administrative hearing office, and eight individuals who are state officials or nursing

board administrators.

Plaintiffs' Original Petition for Declaratory Judgment [Dkt. No. 3] was received and docketed by the Court on December 14, 2015, and the Court has granted Plaintiffs leave to proceed *in forma pauperis*.

As best the undersigned can understand Plaintiffs' allegations, they seek damages and equitable relief due to administrative proceedings that began in 1997 and eventually resulted in the revocation of Yvonne's Texas nursing license in April of 2000 and the non-renewal of her Louisiana license later that year. *See* Dkt. No. 3 at 9-21. Because her license was revoked, Yvonne has been unable to work as a registered nurse in Texas or Louisiana. *See id.* at 19. Reinstatement of her Texas nursing license was denied in 2003. *See id.* at 20-21.

This is by no means the first time that Plaintiffs have resorted to federal or state court to challenge the revocation of Yvonne's nursing license. Indeed, in the years since her license was revoked, she "has filed a succession of *pro se* lawsuits against the [Board of Nursing Examiners], its employees, and others in several different state and federal courts seeking to challenge the revocation. These courts have uniformly rejected her claims, federal courts have adjudged them 'malicious' and 'frivolous,'" and both Plaintiffs have been determined by Texas courts to be vexatious litigants. *Brown v. Tex. State Bd. of Nurse Examiners*, No. 03-05-00508-CV, 2007 WL 3034321, at *1 (Tex. App. – Austin, Oct. 18, 2007, pet. denied); *see also Brown v. Tex. Bd. of Nurse Examiners*, 194 S.W.3d 721, 722 (Tex. App. – Dallas, June 9, 2006, no pet.).

And Plaintiffs have three-times before raised the same or similar claims in this

Court. The first federal case, against the Texas Board of Nurse Examiners, sought dismissal of the Board's action, retroactive reinstatement of Yvonne's Texas license, and the award of costs, and was dismissed for lack of subject matter jurisdiction in March 2002. *See Brown v. Tex. Bd. of Nurse Examiners*, No. 3:01-cv-2315-M, 2002 WL 441405, at *1-*2 (N.D. Tex. Mar. 20, 2002). The second, a 42 U.S.C. § 1983 proceeding against Katherine A. Thomas, Executive Director of the Texas nursing board, was summarily dismissed as malicious later that year. *See Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616 (N.D. Tex. Dec. 3, 2002).

Undeterred, Plaintiffs renewed their claims in a 2013 lawsuit, assigned to now-Chief Judge Jorge A. Solis and referred to the undersigned, which the Court also summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B). *See Brown v. Tex. Bd. of Nursing*, No. 3:13-cv-1004-P, 2013 WL 3227631 (N.D. Tex. June 26, 2013). In adopting the undersigned's recommendation in that case, Chief Judge Solis noted that "[t]he Magistrate Judge is correct to observe that, '[i]t is well past time that Plaintiffs should have ceased filing these repetitious and uniformly frivolous lawsuits before the Court.'" *Id.* at *2. And the Court warned Plaintiffs

> that any future lawsuits seeking damages or equitable relief arising from the revocation of Yvonne Brown's nursing license may result in the imposition of sanctions. Such sanctions may include a monetary fine, and an order barring Plaintiffs from filing any civil actions in federal court without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

*Id.*

Plaintiffs then appealed the dismissal of that action to the United States Court

of Appeal for the Fifth Circuit, "contend[ing] that their claims in [that] suit materially differ[ed] from the claims asserted in the two previous federal lawsuits and that the district court erred in finding otherwise." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam). The Fifth Circuit rejected Plaintiffs' contention and affirmed this Court's judgment:

> [T]o the extent that the Browns assert that they have raised new claims, such claims clearly stem from the same decision of the Texas Board of Nurse Examiners that the Browns have already challenged in multiple state and federal cases. Based thereupon, we find that the district court did not abuse its discretion in dismissing the Brown[s]' complaint as malicious under Section 1915(e)(2)(B)(i).

*Id.* (citations omitted).

Plaintiffs' current attempt – their fourth attempt in this Court – to litigate claims emanating from Texas and Louisiana nursing board determinations made more than a decade ago is also undoubtedly malicious. In addition to recommending summary dismissal for that reason, under Section 1915(e)(2)(B), the undersigned further recommends (1) that the Court sanction Plaintiffs by ordering that they pay a $100.00 fine and (2) that the Court order that Plaintiffs are barred from filing any civil action in this Court without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)       is frivolous or malicious;

> (ii)   fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Where the claims presented in a case "are duplicative of claims already asserted and dismissed in [a] previous case" such claims "must be dismissed as malicious" or, alternatively, because they "are also barred by the doctrine of *res judicata*, ... for failure to state a claim." *Yarborough v. Sheriff, Tarrant Cnty., Tex.*, Civil Action No. 4:11-cv-207-Y, 2011 WL 4736302, at *1-*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation

of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." (citations and internal quotation marks omitted)); *Brown*, 2002 WL 31757616, at \*3-\*4 (dismissing as duplicative even though earlier case dismissed without reaching merits)); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at \*4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).

As the Fifth Circuit concluded, in affirming this Court's dismissal of Plaintiffs' last action, "declaring that a successive *in forma pauperis* suit is 'malicious' ... insures that the plaintiff obtains one bite at the litigation apple – but not more." *Brown*, 554 F. App'x at 269 (quoting *Pittman*, 980 F.2d at 995; quotation modified).

Plaintiffs' pleadings indicate that they again seek relief against the Texas Board of Nurse Examiners, Thomas, and additional defendants based upon conduct that occurred in connection with the April 2000 revocation of Yvonne's Texas nursing license. There is no doubt that Plaintiffs seek to relitigate claims premised upon substantially the same facts upon which they have relied in multiple previous lawsuits. *See Brown v. Thomas*, 2002 WL 31757616, at \*3 (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993)). As the Court has explained to Plaintiffs twice before, the inclusion of additional defendants and allegations to a common

nucleus of operative fact does not prevent this case from summary dismissal, since the claims in this case remain essentially duplicative of those previously raised. Accordingly, the Court should dismiss Plaintiffs' complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Sanctions

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means *p]ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas County, Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also McCampbell v. KPMG Peat Marwick,* 982 F. Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

Plaintiffs' filing of this action cavalierly disregards the Court's warning that "future lawsuits seeking damages or equitable relief arising from the revocation of Yvonne Brown's nursing license may result in the imposition of sanctions," including "a monetary fine, and an order barring Plaintiffs from filing any civil actions in federal court without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge." *Brown*, 2013 WL 3227631, at *2. Having clearly

warned Plaintiffs previously, and because the current action is another transparent attempt to litigate claims arising from the revocation of Yvonne's nursing license more than ten years ago, the Court should impose the following sanctions:

(1) Plaintiffs shall pay a $100.00 fine, and

(2) Plaintiffs are barred from filing any civil action in this Court without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

## Recommendation

Plaintiffs' complaint should be summarily dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiffs also should be sanctioned as set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 17, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE